Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022


Attorneys for Plaintiff
Dyana Martin

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dyana Martin<br><br>                    Plaintiff,<br><br>v.<br><br>Legal Recovery Law Offices, Inc.<br><br>                    Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote

2    consistent State action to protect consumers against debt collection abuses.

3    2.   The California legislature has determined that the banking and credit system

4         and grantors of credit to consumers are dependent upon the collection of just

5         and owing debts and that unfair or deceptive collection practices undermine

6         the public confidence that is essential to the continued functioning of the

7         banking and credit system and sound extensions of credit to consumers. The

8         Legislature has further determined that there is a need to ensure that debt

9         collectors exercise this responsibility with fairness, honesty and due regard

10        for the debtor's rights and that debt collectors must be prohibited from

11        engaging in unfair or deceptive acts or practices.

12   3.   Dyana Martin, ("Plaintiff"), through Plaintiff's attorneys, brings this action to

13        challenge the actions of Legal Recovery Law Offices, Inc., ("Defendant"),

14        with regard to attempts by Defendant to unlawfully and abusively collect a

15        debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

16   4.   Plaintiff makes these allegations on information and belief, with the exception

17        of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which

18        Plaintiff alleges on personal knowledge.

19   5.   Unless otherwise stated, Plaintiff alleges the activity of Defendant was

20        intentional.

21                        **JURISDICTION AND VENUE**

22   6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

23        1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

24   7.   This action arises out of Defendant's violations of the Fair Debt Collection

25        Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

26        Debt Collection Practices Act, California Civil Code §§ 1788-1788.32

27        ("RFDCPA").

28

HYDE & SWIGART
San Diego, California

8.   Because Defendant does business within the State of California, personal jurisdiction is established.

9.   Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

10.  Plaintiff is a natural person who resides in the City of Sacramento, County of Sacramento, State of California.

11.  Defendant operates from the City of San Diego, the County of San Diego, and the State of California.

12.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13.  Defendant is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15.  Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

16.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

//

HYDE & SWIGART
San Diego, California

**FACTUAL ALLEGATIONS**

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendant conducted business within the State of California. Sometime before December 22, 2006, Plaintiff is alleged to have incurred certain financial obligations

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before December 22, 2006, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

22. Subsequently, but before December 22, 2006, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

23. All of Defendant's actions were knowing and willful.

24. On or about December 22, 2006, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

HYDE & SWIGART
San Diego, California

27.   On or about December 23, 2006 Plaintiff sent a letter to Defendant requesting Defendant cease of communication with Plaintiff pursuant to 15 U.S.C. § 1692c(c).

28.   On or about December 23, 2006, Defendant's agent Mark Walsh contacted Plaintiff at her place of employment despite Plaintiff's cease and desist letter.[1]

29.   On or about March 12, 2007, Defendant sued Plaintiff for an alleged debt owed to Capital One Bank in Superior Court of California, County of Sacramento, Capital One Bank v. Dyana Martin, case number 07AM02418.

30.   Plaintiff filed an answer in pro per to the state court case on April 23, 2007.

31.   On or about July 12, 2007, Defendant filed a motion for judgment against Plaintiff, despite the fact that Plaintiff had filed an answer.

32.   On or about September 13, 2007, Defendant's motion for default judgment was denied by the court.

33.   On or about September 26, 2007, Defendant again filed a request for entry of default judgment against Plaintiff in the state court case.

34.   On or about October 3, 2007, Defendant's request for entry of default judgment was again denied.

35.   On or about November 9, 2007 Plaintiff requested and was granted a dismissal of the state court action.

36.   The lawsuit filed by Defendant was initiated without any reasonable inquiry into the facts or merits of the allegations.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.  Because this action violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, it also violated Cal. Civ. Code § 1788.17.

37.   Defendants did not oppose Plaintiff's motion to dismiss, because Defendants knew that the alleged evidence they possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a

---

[1] This call by Defendant would be a violation of 15 U.S.C. § 1692c(c), however it is outside the statute of limitations. It does show that Defendant's actions are knowing and willful.

HYDE & SWIGART
San Diego, California

matter of law to prove a case at time of trial and that Defendants continued to prosecute the action knowing that the action had no merit and that there was not a legitimate debt owed by Plaintiff. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1). Because this action violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

38.    Starting on December 12, 2007 and continuing until almost May of 2008, Defendant sent Plaintiff more than one dozen requests for entry of default judgment in the state court case, despite this case being dismissed by the court in Plaintiff's favor.

39.    These actions by Defendant were outside the scope of litigation and were therefore subject to Plaintiff's December 23, 2006 cease and desist letter. Therefore by communicating with Plaintiff regarding the alleged debt Defendant violated 15 U.S.C. § 1692c(c), and because this action violated 15 U.S.C. § 1692c(c) it also violated Cal. Civ. Code § 1788.17.

40.    These actions by Defendant were also false, deceptive, or misleading representations or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e (10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

41.    These actions by Defendant also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).   Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

42.    These actions by Defendant were also an attempt to collect an amount not permitted by law and violated 15 U.S.C. § 1692f(1).   Because this action violated 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code 1788.17.

HYDE & SWIGART
San Diego, California

43. On or about April 15 2008, Defendant called Plaintiff's place of employment and asked for human resources. When Defendant was asked what the call was regarding, Defendant stated, "an exisiting wage garnishment."

44. Defendant's call was then transferred to human resources, where Defendant asked the person in that department if they had received the wage garnishment order for Dyana Martin.

45. These actions by Defendant were false, deceptive, or misleading representations or means in connection with the collection of the alleged debt because Plaintiff is informed and believes that Defendant is not entitled to a wage garnishment order nor was a wage garnishment order ever sent to Plaintiff's place of employment.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

46. These actions by Defendant also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).  Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

47. These actions by Defendant were also an attempt to collect an amount not permitted by law and violated 15 U.S.C. § 1692f(1).  Because this action violated 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code 1788.17.

48. These actions by Defendant were also outside the scope of litigation and were therefore subject to Plaintiff's December 23, 2006 cease and desist letter. Therefore by communicating with Plaintiff regarding the alleged debt Defendant violated 15 U.S.C. § 1692c(c), and because this action violated 15 U.S.C. § 1692c(c) it also violated Cal. Civ. Code § 1788.17.

49. On or about May 5, 2008, Defendant called Plaintiff's place of employment and asked for Plaintiff. Defendant's call was then put on hold and Defendant hung up.

HYDE & SWIGART
San Diego, California

50.    These actions by Defendant were false, deceptive, or misleading representations or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e (10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

51.    These actions by Defendant were also an attempt to collect an amount not permitted by law and violated 15 U.S.C. § 1692f(1). Because this action violated 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code 1788.17.

52.    These actions by Defendant were also outside the scope of litigation and were therefore subject to Plaintiff's December 23, 2006 cease and desist letter. Therefore by communicating with Plaintiff regarding the alleged debt Defendant violated 15 U.S.C. § 1692c(c), and because this action violated 15 U.S.C. § 1692c(c) it also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

53.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.    The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

//

HYDE & SWIGART
San Diego, California

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

58. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

59. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

60. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

61. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

62. An award of actual damages pursuant to California Civil Code § 1788.30(a);

63.   An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

64.   An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

65.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 07/01/2008                               Hyde & Swigart

                                               By: _JOSHUA B. SWIGART_
                                               Joshua Swigart, Esq.
                                               Attorneys for the Plaintiff

HYDE & SWIGART
San Diego, California